DONALD C. JOHNSON *v.* THEODORE MURZYN ET AL.
(2336)

TESTO, DUPONT and BORDEN, Js.

Argued November 1, 1983—decision released January 17, 1984

*Mary E. Holzworth,* with whom was *John R. Fitzgerald,* for the appellant (plaintiff).

*Joseph Q. Koletsky,* with whom was *Arthur Barrows,* for the appellees (defendants).

BORDEN, J. The plaintiff is the zoning enforcement officer of the town of Lebanon. He appeals[1] from a judgment of the trial court denying his application for injunctive relief. The principal issue[2] on appeal is whether a zoning enforcement officer seeking to enjoin, under General Statutes § 8-12,[3] a violation of the town's zoning regulations must allege and prove irreparable harm and the lack of an adequate legal remedy. We hold that he does not.

The plaintiff brought an action seeking a temporary[4] and permanent injunction restraining the defendants from occupying their premises except as a seasonal dwelling, and seeking a civil penalty in the amount of $250. The trial court found that the defendants were in violation of the plaintiff's cease and desist order and imposed a civil penalty in the amount of $250. The trial court concluded, however, that General Statutes § 8-12 does not obviate the necessity of alleging and proving both lack of an adequate legal remedy and irreparable

---

[1] This appeal, originally filed in the Appellate Session of the Superior Court, was transferred to the Supreme Court, and was thereafter transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The defendants filed a cross appeal which has been withdrawn.

[3] General Statutes § 8-12 provides in pertinent part: "If any building or structure . . . has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction, in addition to other remedies, may institute an action or proceeding to prevent such unlawful . . . use . . . ."

[4] The request for temporary injunction was withdrawn at the time of trial.

harm. The court in the exercise of its discretion declined to issue the injunction because the plaintiff failed to prove irreparable harm to the town and lack of an adequate legal remedy.

The facts essential to this appeal are not in dispute. On September 17, 1976, the defendants purchased premises situated in the town of Lebanon known as lots 34 and 35 in a subdivision known as Red Cedar Lake. The lots, which contained a total of less than one acre, are also known as 34 and 35 Lucille Lane. These lots are in a lake district zone. Lebanon's lake district zone calls for a minimum lot size of two acres for a year-round dwelling and 12,000 square feet for a seasonal dwelling.[5] On September 25, 1976, the defendants were issued a building permit allowing them to construct a three and one-half room seasonal dwelling on the property. The permit was renewed on February 21, 1978. The permits showed the defendants' property as being in a lake district and the dwelling as being seasonal. On February 21, 1978, the defendants also applied to the zoning board of appeals of the town for a variance to permit them to use their dwelling as a year-round residence. This request was denied on March 21, 1978, and no appeal was taken. A certificate of occupancy was issued to the defendants on March 10, 1978. After completion of construction the defendants proceeded to occupy the premises as a year-round home. The defendants' year-round occupancy of a seasonal dwelling is in violation of the zoning regulations and in violation of an ordinance adopted on January 4, 1975, which prohibits a building permit to be issued for the construction of a building other than a seasonal dwelling on any lot abutting an unaccepted town highway or street. Lucille Lane is not a town accepted street.

---

[5] The zoning regulations define a seasonal dwelling as a dwelling which may be occupied for the period from May 1 to November 1 only, except that it may be occupied for an additional 30 days between November 2 and April 30.

On December 8, 1978, the plaintiff served the defendants with a cease and desist order and on December 19, 1978, commenced this action.

The trial court held that it is necessary for a zoning enforcement officer to allege and prove irreparable harm and lack of an adequate legal remedy in an action pursuant to General Statutes § 8-12 to enjoin a violation of the zoning regulations; because of the absence of proof of such harm and lack of remedy, the court declined to issue the injunction. The plaintiff maintains that such allegations and proof are unnecessary. We agree.

The defendants view this case as being no different from a common law action for injunctive relief where allegations and proof of irreparable harm and lack of an adequate legal remedy are required. See *Waterbury Teachers Association* v. *Civil Service Commission,* 178 Conn. 573, 577, 424 A.2d 271 (1979). We disagree.

General Statutes § 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their zoning regulations. In addition to other remedies, it provides that the zoning enforcement officer may institute an action to prevent unlawful use of any building or structure. It expressly provides that the officer may seek injunctive relief.

It is true that the issuance of an injunction is the exercise of an extraordinary power which rests in the sound discretion of the trial court and that ordinarily the party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate legal remedy. *Berin* v. *Olson,* 183 Conn. 337, 340, 439 A.2d 357 (1981). An injunction sought pursuant to a statute by the public official charged with the responsibility of enforcing the law, however, is an exceptional case which stands on a different footing. See *Water Resources Commission* v. *Connecticut Sand & Stone*

*Corporation,* 170 Conn. 27, 33, 364 A.2d 208 (1975); *United States* v. *Stevens,* 103 Conn. 7, 18–19, 130 A. 249 (1925).

A municipality, in seeking to enjoin a threatened or existing violation of its zoning regulations, need not show damage accruing to it by reason of the violation. In acting to enforce the regulation it acts on behalf of the interest of all property owners within the municipality to enforce their right to require conformity with the regulation as the quid pro quo for their own submission to the restrictions imposed upon their property. 3 Rathkopf, The Law of Zoning & Planning § 45.01, pp. 45–6 through 45–7.

Although the Supreme Court has not squarely addressed this issue, we do not set sail on totally uncharted waters. The former Appellate Session of the Superior Court has noted that "[c]ases from other jurisdictions have held that where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance, but says nothing about the injury caused, the municipality is not required to show irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance. See, e.g., *Gray* v. *DeKalb County,* 230 Ga. 95, 96, 195 S.E.2d 914 (1973); *DeSchamps* v. *Board of Zoning Appeals,* 241 Ind. 615, 620, 174 N.E.2d 581 (1961); *County of Columbia* v. *Bylewski,* 94 Wis. 2d 153, 163, 288 N.W.2d 129 (1980); see also 8A McQuillin, Municipal Corporations (3d Ed. Rev.) § 25.344; 42 Am. Jur. 2d 788, Injunctions § 48. The rationale underlying this rule that the complainant is relieved of his burden of proving irreparable harm and no adequate remedy at law is that the enactment of the statute by implication assumes that no adequate alternative remedy exists and that the injury was irreparable, that is, the legislation was needed or else

it would not have been enacted. *Conway* v. *State Board of Health,* 252 Miss. 315, 324–25, 173 So. 2d 412 (1965)." *Crabtree* v. *Van Hise,* 39 Conn. Sup. 334, 337–38, 464 A.2d 865 (1983); see also *Water Resources Commission* v. *Connecticut Sand & Stone Corporation,* supra; *Hammerberg* v. *Leinert,* 132 Conn. 596, 46 A.2d 420 (1946); and *United States* v. *Stevens,* supra, (cases involving injunctions pursuant to regulatory statutes). We find the reasoning of *Crabtree* persuasive and we adopt it.

Furthermore, imposing upon a zoning enforcement official the threshold burdens normally incident to the seeking of injunctive relief, i.e., proof of irreparable harm and that the plaintiff has no adequate legal remedy, would seriously undermine the official's power to enforce the zoning regulations. There are many possible zoning violations which would not in any individual case cause irreparable harm to any particular person but which should nonetheless be enjoined. Similarily, the imposition of a fine, which presumably affords an adequate legal remedy, does not generally result in effective enforcement of zoning regulations. If the zoning official is entitled to collect a fine for every day's violation, this may entail multiple litigation and unnecessary expense on the part of the town. Moreover, many violators would view a fine as a business expense or simply a fee to be paid in order to engage in the prohibited activity.

The defendants rely primarily on three cases to support their claim that the plaintiff must allege and prove irreparable harm and lack of an adequate remedy at law: *Dupuis* v. *Submarine Base Credit Union, Inc.,* 170 Conn. 344, 365 A.2d 1093 (1976); *Scoville* v. *Ronalter,* 162 Conn. 67, 291 A.2d 222 (1971); and *Lebanon* v. *Woods,* 153 Conn. 182, 215 A.2d 112 (1965). Those cases are distinguishable. In *Dupuis,* the issue was whether the plaintiff building inspector and zoning enforcement

officer should be estopped from enforcing the zoning regulation because his conduct may have induced the defendants to act. Estoppel is not an issue in this case. The court did not hold that irreparable harm and lack of an adequate legal remedy were requirements for injunctive relief sought by the public official. In *Scoville,* the plaintiffs were individuals and their action was not brought pursuant to General Statutes § 8-12, which only authorizes a zoning enforcement officer to seek relief. In *Lebanon,* the court was faced with a factual situation substantially different from the present one. There, the defendants had acquired certain rights prior to the effective date of the regulations sought to be enforced which were entitled to equitable recognition. Here, the defendants acquired no such prior rights. The relevant regulations were in force prior to the defendants' activities.[6]

The plaintiff does not claim that every zoning violation automatically entitles the zoning enforcement officer to an injunction. The plaintiff argues that under the undisputed facts of this case, however, the trial court abused its discretion by refusing to grant the injunction. Those facts indicate that the defendants knew, in 1976 when they purchased lots 34 and 35, that only a seasonal dwelling could be constructed on it. Their building permit specified that it was for a seasonal dwelling. Armed with this knowledge, the defendants

---

[6] The defendants also argue that General Statutes § 8-12 cannot constitutionally remove discretionary jurisdiction over the issuance of an injunction from the courts. They maintain that it would be in violation of the separation of powers provision of the constitution of the State of Connecticut. We need not address that claim. If an appellee wishes to present for review alternate grounds upon which the judgment of the trial court may be affirmed, he may file a preliminary statement of issues within fourteen days from the filing of the appeal. Practice Book § 3012 (a). This the defendants did not do. This claim is therefore not properly before us and we decline to consider its merits. See *Lynch* v. *Davis,* 181 Conn. 434, 437, 435 A.2d 977 (1980); *City Council* v. *Hall,* 180 Conn. 243, 247 n.5, 429 A.2d 481 (1980).

nevertheless constructed the dwelling; it was not until after its completion that they decided to seek a variance, the denial of which they did not appeal.

Even in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the granting of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound discretion. *Dupuis* v. *Submarine Base Credit Union, Inc.*, supra, 356. Those equities should take into account the gravity and wilfulness of the violation, as well as the potential harm to the defendants. *Berin* v. *Olson*, 183 Conn. 337, 343, 439 A.2d 357 (1981).

There are cases, however, in which "the only reasonable conclusion is that a plaintiff is, in equity, entitled to an injunction" and in such cases an appellate court may order that the injunction issue. *Dimmock* v. *New London*, 157 Conn. 9, 19, 245 A.2d 569 (1968); *Hammerberg* v. *Leinert*, supra, 604. We have examined the entire record of this case. We can find nothing which would, balanced against the gravity and wilfulness of the violation, justify the withholding of injunctive relief.[7] Because of the undisputed facts of the case, and because the sole basis of the trial court's refusal to issue an injunction was its conclusion that proof of irrepara-

[7] There was testimony from the plaintiff that, of the approximately ninety homes in the district, seventeen others were being occupied illegally as year-round dwellings and approximately twelve were being occupied year-round legally, either with variances or as nonconforming uses. The defendants claimed in the trial court that there was improper discriminatory zoning enforcement and that this action was brought in retaliation against their seeking town services for themselves and their neighbors. The trial court found that they had not sustained their burden of proof on those claims. In the absence of satisfactory proof of such improper enforcement or retaliation, evidence that a significant number of others are also violating the law does not, in and of itself, justify withholding injunctive relief against one who has been proved to be in violation. To hold otherwise would be to undermine to an impermissible degree enforcement of the zoning laws, which must begin somewhere.

ble harm and of lack of an adequate legal remedy was required, we are satisfied that this is one of those exceptional cases in which the only reasonable conclusion is that the plaintiff is entitled to injunctive relief. We leave the specific terms of the injunction to the trial court, to be framed to accommodate the legitimate needs of the defendants for a reasonable amount of time to comply with the injunction; and we also leave to the discretion of the trial court whether a further hearing is necessary to determine that time.

There is error, the judgment is set aside and the case is remanded with direction to render judgment granting injunctive relief to the plaintiff consistent with this opinion.

In this opinion the other judges concurred.