The plaintiffs, the town of Wilton and its zoning enforcement officer, Robert V. Flouton, seek a temporary injunction restraining the defendant from allegedly violating certain Wilson zoning regulations relating to outside storage of commercial vehicles and equipment. This action is authorized by General Statutes 8-12.
The defendant did not appeal the town's order to the municipal planning and zoning board of appeals; General Statutes 8-7; and the plaintiffs now seek a temporary injunction from this court. General Statutes 52-471. A temporary injunction may be granted upon the showing of a CT Page 3323 reasonable degree of probability of success in obtaining a permanent injunction. Griffin Hospital v. Commission on Hospitals and Health Care 196 Conn. 451, 458-59,493 A.2d 229 (1985). A court must balance the equities and in so doing evaluate the likely outcome of the proceeding, the effects of the stay upon the parties, and the public interest involved. Johnson v. Murzyn, 1 Conn. App. 176, 180,469 A.2d 1227, cert. den. 192 Conn. 802, 471 A.2d 244 (1984). This case also points out that a municipality is not obliged to show "irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance. "
The hearing disclosed the following facts. The defendant Donato J. Telesco owns and resides at premises located at 16 Arrowhead Road in Wilton which is located in a single-family residential zone entitled R-1A.
The zoning enforcement officer testified that he inspected these premises on several occasions and determined that a number of violations of the zoning regulations existed; that he served upon the defendant a cease and desist order in early August 1989; and that the defendant refused to comply with this order.
After hearing the evidence I have concluded that number of zoning violations did in fact exist at the time of trial, and having balanced the equities, that the issuance of a temporary injunction enjoining continued violations of the regulations is warranted.
These violations at the time of trial were in four categories; (1) the first concerns a camper trailer which was parked in the side yard of defendant's property, in violation of Wilton Zoning Regulation 29-10, which provides that any such trailer in the residential zone in question must be either in a garage or screened from view, neither of which is the case in the present instance;[1] (2) the defendant had been parking a carryall van in his side yard and two pickup trucks on the front lawn, in violation of Regulation 29-26A(2)(e), which requires garaging or screening for this type of vehicle;[2] (3) the defendant maintained a motor boat on top of a trailer within the minimum forty-foot front yard setback area, contrary to Regulations 29-26A(2)(f) and 29-27;[3] and (4) commercial lawnmowers and related landscaping equipment were located on the premises in violation of Regulations 29-26A an 29-37A.[4]
Because these violations were proved to my CT Page 3324 satisfaction, and in light of the defendant's refusal to abide by the cease and desist order, a temporary injunction hereby issues, to be operative until further order of the court, enjoining and restraining the defendant from refusing to comply with the town's cease and desist order as outlined above; and furthermore commencing November 1, 1990 a fine of $100 a day is hereby imposed on the defendant for each and every day commencing on said date, during which he refuses to comply with said cease and desist order in its entirety.
Although a surety bond need not have been posted (General Statutes 52-472), such a bond has been posted by the plaintiffs and is accepted.
So Ordered.
Dated at Stamford, Connecticut this 23rd day of October, 1990.
WILLIAM B. LEWIS, JUDGE