The defendant, Costa Stergue (individually and as Trustee,) purchased property located at No. 584 Redding Road, in Redding Connecticut. At the time of the acquisition of title by the defendant, there was a lawfully existing nonconforming building as defined by the Zoning Regulations of Redding. (Plaintiffs' Exhibit 3, Sec. 5.17.2.) Said building was in a state of disrepair. The defendant tore down the house and commenced building a new house on the foundation of the original house. The nonconformity associated with the house relates to its location on CT Page 5750 the property; the house encroaches upon the 50-foot front yard setback imposed by the Zoning Regulations of Redding.
On July 16, 1991, the plaintiffs, Redding Zoning Inspector and Redding Commission, brought this action seeking a temporary injunction against the defendant, preventing him from performing any further construction on the residential structure at 584 Redding Road. The parties did not appear before the court for a hearing on the application until April 6, 1992 and April 7, 1992.
Connecticut General Statutes Sec. 8-12 grants to the plaintiffs the authority to seek an injunction in order to enforce its Zoning Regulations. They need not show irreparable harm and hence their burden of proof is less than that ordinarily required for the issuance of an injunction.
 "A municipality, in seeking to enjoin a threatened or existing violation of its zoning regulations, need not show damage accruing to it by reason of the violation. In acting to enforce the regulation it acts on behalf of the interest of all property owners within the municipality to enforce their right to require conformity with the regulation as the quid pro quo for their own submission to the restrictions imposed upon their property. . . . [T]he municipality is not required to show irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction; rather, all that must be shown is a violation of the ordinance."
Johnson v. Murzyn, 1 Conn. App. 176, 180 (1984), cert. denied,192 Conn. 802 (1984).
The court finds that the defendant is an experienced builder, having constructed at least ninety (90) houses in this state. In conjunction with this project, he has been served with as many as six cease and desist orders, all or most of which he has ignored, to his peril. In letters to the Zoning Commission, the defendant has rep resented that he was rebuilding the house as it existed prior to its "destruction," with the only difference being that the garage would face a different direction. In actuality, he has almost completed construction of a house that is substantially larger than the prior dwelling. The defendant has been granted post-construction variances by the Redding Zoning Board of Appeals (not a party to this action), which have had the ultimate effect of expanding the nonconforming use. The house being constructed by the defendant is different from that depicted in the site plan which he submitted to the Zoning Enforcement Officer.
The court finds that the defendant's structure is in violation of Secs. 4.6.5 and 5.17.2 of the Redding Zoning Regulations. As such, the plaintiffs' application for a temporary injunction is CT Page 5751 granted. The defendant is ordered to immediately cease and desist from any work on the residential structure presently under construction on his lot at 584 Redding Road, Redding, Connecticut, until the defendant presents to the Zoning Commission and the Zoning Enforcement Officer a site plan which depicts a substantial reconstruction of the prior nonconforming structure, until said site plan is approved by the Zoning Commission and the Zoning Enforcement Officer, and until new zoning and building permits are issued to the defendant for the property at 584 Redding Road.
The plaintiffs request that the defendant pay a $2,500.00 fine to the Town of Redding under Connecticut General Statutes, Sec.8-12, as well as costs and reasonable attorney's fees. That request is granted and the defendant is ordered to pay to the Treasurer of the Town of Redding a fine in the total amount of two thousand five hundred ($2,500.00) dollars. In addition, the defendant is ordered to pay the costs and attorney's fees of the plaintiffs upon submittal and after approval of an application for costs and reasonable attorney's fees.