[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S APPLICATION FOR AN INJUNCTION
The defendant October Twenty-Four, Inc. owns a parcel CT Page 8012 of land containing approximately 38 acres located on Loon Lake Road in the town of Plainville, which parcel was zoned R-40 (residential zone). On January 10, 1978, said defendant applied to the Plainville Planning and Zoning Commission for a site grading plan, which plan involved the removal of material from said parcel of land and regrading said parcel to a specific elevation. The plan was approved subject to an annual review by the Planning and Zoning Commission and said review has been conducted periodically over the past 14 years.
A decision was rendered on December 21, 1990 in the case of Tomasso Brothers, Inc. v. October Twenty-Four, Inc., No. 700294, in which the court (O'Neill, J.) concluded that a quarrying operation was present on the defendant's land. This conclusion was affirmed and the defendant has not contested the illegality of a quarry in a residential zone. Tomasso Bros., Inc. v. October Twenty-Four, Inc., 221 Conn. 194, 197
(1992).
As a result of the aforesaid court decisions and the personal observations of the plaintiff (zoning enforcement officer of the town of Plainville), a cease and desist order regarding the quarry operation was issued to the defendant on April 29, 1992. The rock removal has continued on defendant's land and the plaintiff has instituted this action seeking injunctive relief to prevent further violation of the Plainville Zoning Regulations.
The word `quarry' is not defined in the Plainville Zoning Regulations. "Where a statute does not define a term, it is appropriate to look to the common understanding expressed in the law and in dictionaries." Kelemen v. Rimrock Corporation, 207 Conn. 599, 604 (1988). Webster's Third New International Dictionary defines quarry as the removal of fragments of rock by impact or by pressure. Quarrying is not a permitted use in an R-40 residential zone. See Plainville Zoning Regulations, Sec. 505.
"Where a statute authorizes a municipality or public entity to seek an injunction in order to enforce compliance with a local zoning ordinance, but says nothing about the injury caused, the municipality is not required to show irreparable harm or the unavailability of an adequate remedy at law before obtaining an injunction." Johnson v. Murzyn, 1 Conn. App. 176,180 (1984); see also Conn. Gen. Stat. 8-12. The Appellate Court noted that "even in an action brought by a zoning enforcement officer to require conformity with the zoning regulations, the granting of injunctive relief, which must be compatible with equities of the case, rests within the trial court's sound discretion . . . . those equities should CT Page 8013 take into account the gravity and willfulness of the violation, as well as the potential harm to the defendants." Id. at p. 183.
Defendant maintains that the activities on its land have been carried on pursuant to a site grading plan which has been periodically reviewed and/or voted upon by the Planning and Zoning Commission. Over the fourteen year period, rock material has been removed and then the area where the material has been removed is filled in to a specified elevation.
A review of the exhibits, including the photographs taken by the plaintiff, indicate to the court that a quarrying operation is being conducted on defendant's land. Even though crushing equipment and secondary breakers have been removed from the site, blasting is being continued to break up the rock and the rock material is then trucked from the site. Such activity still constitutes quarrying which is not a permitted use in an R-40 zone.
The court heard testimony from Elmo Aiudi, a principal stockholder of the defendant, that the blasting and removal of rock was being conducted by another enterprise known as A. Aiudi and Sons, a partnership engaged in the manufacture and sale of ready-mix concrete. Mr. Aiudi testified that if A. Aiudi and Sons was unable to continue to remove rock material from the defendant's site, the cost for obtaining such material for the ready-mix concrete business would be much greater.
The alleged financial harm to A. Aiudi and Sons is not a sufficient basis to deny injunctive relief for a violation of a zoning ordinance. At the time of the hearing on this matter, the only defendant was October Twenty-Four, Inc., the owner of the land where the quarrying activity was being conducted. Further, the defendant was aware that its "site-grading" plan was approved subject to an annual review, and accordingly, was subject to termination annually. The fact that A. Aiudi and Sons has been able to conduct this activity on defendant's land for the past fourteen years and has enjoyed the financial benefits therefrom does not create a situation whereby the equities of continued future financial gain outweighs the equities of enforcement of a violation of a local zoning ordinance.
The defendant also contends that laches and estoppel should prevent the issuance of an injunction. A zoning authority, however, "is not estopped by laches from enforcing its zoning laws." West Hartford v. Rechel, 190 Conn. 114, 120
(1983). Additionally, our Supreme Court has "recognized that estoppel always requires proof of two essential elements: the CT Page 8014 party against whom estoppel is claimed must do or say something calculated or intended to induce another party to believe that certain facts exist and to act on that belief; and the other party must change its position in reliance on those facts, thereby incurring some injury." Id. at 121. In municipal zoning cases estoppel may be invoked "(1) only with great caution; (2) only when the resulting violation has been unjustifiably induced by an agent having authority in such matters, and (3) only when special circumstances make it highly inequitable or oppressive to enforce the regulations." Id. quoting Zoning Commission v. Lescynski, 188 Conn. 724, 731
(1983). The defendant initiated the site grading activity, the defendant knew this activity was subject to annual review by the Planning and Zoning Commission, and the plaintiff never unjustifiably induced the defendant to violate the zoning ordinance by quarrying its land. Therefore, estoppel does not present a basis for denial of the injunction in the instant case.
Lastly, the defendant claims that the issue of injunctive relief is moot because the defendant has requested a zone change and a hearing is scheduled for September. If a zone change is granted at that time, the issue will then be moot. At the present time, however, no zone change has been granted and an injunction must issue to halt the illegal quarrying occurring on the defendant's land. The equities dictate that an injunction issue to halt the aforesaid illegal quarrying operation in violation of the Plainville zoning ordinance.
JOSEPH H. GOLDBERG, SENIOR JUDGE