[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE SPECIAL DEFENSES TO ZONING ENFORCEMENT ACTION
On April 20, 1992 plaintiff Peter W. Crabtree, Assistant City Planner for the city of Milford, filed a one count complaint against defendant Vincent and Elizabeth Ditchkus. The plaintiff alleges that on or about February 7, 1992, he issued a cease and desist order to the defendants, notifying them that they were in violation of city of Milford zoning regulations by allowing the storage of cord wood and unregistered motor vehicles on their premises located at 675 West Avenue, Milford, Connecticut. The order required defendants to cease and desist within ten days from the date of issuance. The plaintiff further alleges that since the defendants did not comply with his order within the prescribed time, he brought this action pursuant to General Statutes 8-12.
The plaintiff is claiming: (1) a cumulative penalty of two hundred and fifty dollars per day for each violation of the city's zoning regulations; (2) a civil penalty of two hundred and fifty dollars pursuant to 8.13.4 of the city's zoning regulations; (3) a permanent injunction; (4) an order permitting periodic inspection of the premises; and (5) such other relief as the court may find appropriate.
On May 20, 1992, the defendants filed an answer and special defenses. In their first special defense they assert that "the plaintiff does not have the jurisdiction and is not CT Page 1591 vested with the legal authority to bring the subject action." In their second special defense they argue that since the zoning regulations referred to in the complaint do not apply to their use of the property, they are not in violation of those regulations. In their third special defense they argue that the plaintiff's bringing of this action and his application of the aforementioned zoning regulations to the defendants' use of their own property, are arbitrary and an abuse of discretion.
On October 5, 1992, the plaintiff filed this motion to strike the defendants' three special defenses, together with a memorandum of law in accordance with Practice Book 155. specifically, the plaintiff moves to strike the defendants' first special defense on the ground that it is legally insufficient because the plaintiff is authorized to enforce the City's zoning regulations. The plaintiff also moves to strike the defendants' second and third special defenses on the grounds that they are also legally insufficient because the defendants have failed to exhaust their administrative remedies.
The defendants have not filed any opposition to the motion to strike.
"A motion to strike challenges the legal sufficiency of a pleading." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Furthermore, "a motion to strike `is the proper method of challenging the legal sufficiency of a special defense. . . .'" Banking Center nka Centerbank v. Tyrteos,2 Conn. L. Rptr. 79, 80 (June 18, 1990, Lewis, J.). "Each motion to strike must be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book 155. "[T]he filing of a memorandum in opposition to a motion to strike is mandatory"; Olshefski v. Stenner, 2 Conn. L. Rptr. 477, 478 (September 27, 1990, Clark, J.); however, the failure to file such can be waived by the trial court. Fitzpatrick v. East Hartford B.P.O. Elks,3 Conn. L. Rptr. 164, 164 (January 25, 1991, Clark, J.).
The plaintiff argues that the court should strike the defendants' first special defense because General Statutes8-12 provides that a zoning enforcement officer may institute a civil action to obtain compliance with a cease and desist order. CT Page 1592
General Statutes 8-12 provides:
 If any . . . land has been used, in violation of any provision of this chapter or of any bylaw, ordinance, rule or regulation made under authority conferred hereby, any official having jurisdiction . . . may institute an action or proceeding to prevent such unlawful erection, construction, alteration, conversion, maintenance or use or to restrain, correct or abate such violation or to prevent . . . any illegal act, conduct, business or use in or about such premises. Such regulations shall be enforced by the officer or official board or authority designated therein, who shall be authorized . . . to order in writing the remedying of any condition found to exist therein or thereon in violation of any provision of the regulations made under authority of the provisions of this chapter. . . .
(Emphasis added.) "`General Statutes 8-12 was enacted to provide local zoning enforcement officers with a means of enforcing their regulations. . . .'" Fisette v. DiPietro,28 Conn. App. 379, 387, ___ A.2d ___ (1992), quoting Planning 
Zoning Commission v. Desrosier, 15 Conn. App. 550, 558,545 A.2d 597 (1988). It also "authorizes the zoning enforcement officer to order in writing the remedy of any condition found to exist in violation of the zoning regulations." Planning 
Zoning Commission v. Desrosier, 15 Conn. App. 500, 559,545 A.2d 597 (1988). "In addition to other remedies, it provides that the zoning enforcement officer may institute an action to prevent unlawful use of any building or structure. It expressly provides that the officer may seek injunctive relief." Johnson v. Murzyn, 1 Conn. App. 176, 179,469 A.2d 1227 (1984).
"The determination as to whether enforcement [is] necessary [is] in the domain of the town official charged with that task." Fisette v. DiPietro, supra, 386. "[T]he issuance of an injunction is the exercise of an extraordinary power which rests in the sound discretion of the trial court and that CT Page 1593 ordinarily the party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an; adequate legal remedy." Johnson v. Murzyn, supra.
In the present case plaintiff Assistant City Planner for the city of Milford issued a cease and desist order to the defendants, ordering them to cease and desist from storing cord wood and unregistered motor vehicles on their premises. The plaintiff further brought this action pursuant to the authority vested in him by General Statutes 8-12.
Inasmuch as General Statutes 8-12 expressly mandates that the plaintiff remedy this sort of zoning violation, the defendants' first special defense is stricken.
The plaintiff further argues that the defendants' second and third special defenses should be stricken because the defendants have failed to exhaust their administrative remedies in that they did not first appeal the officer's decision to the zoning board of appeals pursuant to Conn. Gen. Stat. 8-7. Specifically, the plaintiff argues that Article IX and Regulation 9.2.1 of the Regulations of the Milford Zoning Board of Appeals (hereinafter "ZBA") provides that the ZBA has the jurisdiction to hear and decide appeals where it is alleged that there is an error in any order, requirement or decision made by the zoning enforcement officer. Clearly, case law requires exhaustion of said remedy. Country Lands, Inc. v. Swinnerton, 151 Conn. 27, 33-34. Inasmuch as the third special defense is encompassed within the exhaustion principle, the court strikes the same. The question of premises application of the zoning regulation — set out in the second count — should have been and was not presented to the zoning board of appeals. Country Lands, Inc., supra.
For the foregoing reasons, each of the defendants' special defenses is stricken.
Clarance J. Jones Judge