[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION RE: SUMMARY JUDGMENT
The plaintiff Joseph M. Hart, the Zoning Enforcement Officer of Old Lyme (ZEO), commenced this action seeking to enforce a cease and desist order issued to the defendants Adam K. Jakobczyk and Helen A. Jakobczyk. The plaintiff alleges in his complaint that beginning on or about November 1988, the defendants were in violation of the Old Lyme Zoning Regulations by occupying their seasonal dwelling owned by them located at 7 Stanhope Avenue, Old Lyme, during the off season. The plaintiff further alleges that he issued a cease and desist order to the defendants on January 10, 1992, and ordered the defendants to immediately stop the illegal occupancy of said property and vacate the premises by February 10, 1992. The plaintiff alleges that the defendants have neither complied with the order nor filed an appeal from the order, and therefore the plaintiff seeks injunctive relief to enforce the order. The defendants answered the complaint with a general denial and filed no special defenses.
The plaintiff filed a motion for summary judgment and an accompanying memorandum of law. The defendants filed a memorandum of law in opposition to the plaintiff's motion. The plaintiff's motion for summary judgment, as to liability only, was granted by this court, Teller, J., and the defendants have filed a motion for articulation.
A court shall grant summary judgment if a party proves the nonexistence of any genuine issue of material fact and that he is entitled to judgment as a matter of law. Practice Book 384.
The plaintiff attached to his motion his affidavit in which he states: (1) he is the ZEO for the Town of Old Lyme; (2) the defendants are the record owners of certain real property in Old Lyme, the area of which is less than the minimum lot size; (3) the occupancy of the dwelling located on the defendants' property during the off season constitutes a CT Page 576 violation of the Old Lyme's Zoning Regulations; (4) he issued a cease and desist order on January 10, 1992, ordering the defendants to stop the illegal use of their property; (5) the defendants have failed to comply with the cease and desist order; and (6) the defendants have not filed an appeal from the cease and desist order and still occupy the premises. The plaintiff also submits the affidavit of a title examiner in which she states that the defendants are the record owners of 7 Stanhope Avenue, Old Lyme. The defendants did not apply for a variance of the zoning regulations.
The defendants submitted a joint affidavit in which they state: (1) they are the owners of 7 Stanhope Avenue, Old Lyme, (2) they have resided in their house year round from August, 1991 to the present. They also state that they are elderly, that it would be an extreme hardship for them to move and that an appeal of the ZEO's cease and desist order to the Zoning Board of Appeals (ZBA) would be futile.
General Statutes 8-12 authorizes zoning enforcement officers to issue written orders to comply with a town's zoning regulations. Such an order is appealable to the ZBA pursuant to General Statutes 8-6, and if need be, to the Superior Court pursuant to General Statutes 8-8.
The plaintiff ZEO has issued a cease and desist order which remains in full force and effect. The defendants have neither complied with the order nor have they challenged the order on appeal. Nor did the defendants seek a variance from the regulations, which they apparently may still be able to do.
The defendants' statement that an appeal would be futile and a hardship are merely conclusory and must be disregarded. In any event, these claims could have been addressed to the court during the hearing on whether an injunction ought to be issued. The granting of injunctive relief is not mandatory even when the plaintiff has shown a violation of the town's zoning regulations, as here. The granting of injunctive relief in zoning enforcement cases rests within the sound discretion of the trial court and must be compatible with the equities of the case. See Johnson v. Murzyn, 1 Conn. App. 176, 183 (1984).
Teller, J. CT Page 577