[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff seeks an injunction against the defendants barring them from removing gravel or conducting earth-removal operations on property owned by the defendants, unless and until a special permit permitting such operations has been issued by the Coventry Planning Zoning Commission (PZ). Following an evidentiary hearing the Court makes the following findings and orders.
Before proceeding to the merits of the application, the Court must determine the defendants Motion to Dismiss the application, or to stay the proceedings since there is a prior pending action in the United States District Court for the District of Connecticut allegedly involving the same issues and parties.
In the present case, the plaintiff's predecessor in his CT Page 5578-EEEE position as the Coventry Zoning Enforcement Officer issued a cease and desist order against the defendants' gravel operation on March 17, 1995. Shortly thereafter the defendants filed a lawsuit in the Superior Court for the Judicial District of Tolland naming as defendants the town of Coventry, the Coventry Planning Zoning Commission, Andrew Pollansky, Stephen Pollansky, Darby Barnes Pollansky and Shelton Stewart. That lawsuit was removed to and is now pending in the United States District Court. That suit alleges, inter alia, that Darby Barnes Pollansky, the wife of Stephen Pollansky, is a member of the PZ; that Stephen Pollansky operates a gravel business in competition with the Halloran's from land contiguous to the Hallorans' property, and which is owned by other members of the Pollansky family. The suit alleges that the Pollanskys have continually been opposed to the defendants' gravel operation and that Darby Pollansky, despite her conflict, participated in PZ hearings concerning the Hallorans' operation; that the defendants named in the federal action have abused their governmental authority and have deliberately violated the Hallorans' due process and equal protection rights. The federal case also alleges the Pollanskys have maliciously and tortiously interfered with the Hallorans' business. There are other claims and counts in the federal suit, however the essence of the Hallorans' complaint is that the defendants have maliciously and tortiously interfered with their legitimate business operations.
The fact is that the federal case is not an injunction action, and an injunction serves a different purpose than a law suit seeking damages. An injunction primarily serves to maintain the status quo pending a determination on the merits of other litigation, or to prevent an irreparable harm being done during pending litigation.
In this case, the plaintiff zoning officer is not a party to the federal suit. Further, a zoning enforcement officer is not precluded form seeking an injunction while an appeal is pending from a denial of a variance by the Zoning Board of Appeals.Planning Zoning Commission v. Campanelli, 9 Conn. App. 534
(1987).
For these reasons the Motion to Dismiss is denied.
When a municipality seeks injunctive relief in order to enforce compliance with a local zoning ordinance, it is not required to prove irreparable harm or the unavailability of an CT Page 5578-FFFF adequate remedy at law. To prevail the municipality need only show a violation of the ordinance. Farmington v. ViacomBroadcasting, Inc., 10 Conn. App. 190, 197 (1987); Gelinas v.West Hartford, 225 Conn. 575, 588 (1993); Johnson v. Murzyn,1 Conn. App. 176, 180 (1984).
The Court, however, in determining injunctive relief in zoning enforcement cases, exercises its sound discretion in balancing the equities of the case. The Court should consider the gravity and wilfulness of the violation and the potential harm to the defendant. Johnson v. Murzyn, supra, at 183.
In this case the Hallorans have been operating a sand and gravel operation on approximately 4 or 5 acres of a 25 acre tract owned by them (actually Barbara Halloran) since approximately July 1989 when they received a special permit to do so. That was a two year permit which was renewed in 1991 for one year and again in 1991. In 1993, the Hallorans applied for another extension. That request was continued until April 1994 at which time the Hallorans reapplied for a permit. The Pollanskys were opposed to the application and there is a history of that opposition in the record, including appeals to the Superior Court by the Pollanskys when the special permits were granted, which were later dismissed because they were not prosecuted.
In 1994, the Halloran's determined that their gravel business was "grandfathered" because it was (they claim) in existence before the adoption of zoning regulations and that special permits were not needed to conduct the operation. And in 1995, they filed the lawsuit against the Pollanskys, Shelton Stewart and the town of Coventry which is now pending in the federal court.
This Court, in the hearing for the injunction, heard the testimony of Stephen Wallace, the present zoning enforcement officer, and Richard Halloran.
On consideration of that testimony as well as the documentary exhibits presented, this Court concludes the equities are on the side of the Hallorans. This is an ongoing operation which has been in existence for years. There is no expansion of the nature or extent of the operation. The Hallorans' claim that the gravel operation is a grandfathered nonconforming use is not without merit, although this Court clearly makes no determination as to the validity of the claim. The extent of the Hallorans' CT Page 5578-GGGG excavation is not unlimited as they are required to conform to an Inland Wetlands permit presently in place. Also the underlying issues are being pursued in other pending court cases and the resolutions there would likely impact the resolution of this dispute.
Under these circumstances, the gravity of any violation is not severe, the wilfulness is a matter of legitimate dispute, and there is minimal harm, at best, to the plaintiff. On the other hand, granting the injunction would result in some hardship to the defendants.
Accordingly, the request for a temporary injunction is denied.
Klaczak J.