[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike maintaining that the plaintiff zoning enforcement officer is not entitled to seek temporary injunctive relief for an alleged violation of the municipal zoning laws without alleging and proving irreparable harm. In addition, it seeks to strike that portion of the prayer of relief which seeks common law punitive damages.
The defendant acknowledges that our Supreme and Appellate Courts have ruled that a municipality (including a zoning officer) need not prove lack of an adequate remedy at law or irreparable harm in seeking injunctive relief; Gelinas v. West Hartford, 225 Conn. 575, 588,626 A.2d 259 (1993); Conservation Commission v. Price, 193 Conn. 414,429, 479 A.2d 187 (1984); Johnson v. Murzyn, 1 Conn. App. 176,469 A.2d 1227, cert. denied, 192 Conn. 802, 470 A.2d 1218 (1984);Crabtree v. Van Hise, 39 Conn. Sup. 334, 338, 464 A.2d 865 (1983); see also North Haven Planning Zoning Commission v. Upjohn, Co.,753 F. Sup. 423, 428 (D.Conn. 1990), aff'd, 921 F.2d 27, cert. denied,500 U.S. 918, 111 S.Ct. 2016, 114 L.Ed.2d 102 (1991); yet, it argues that this proposition only applies to permanent injunctions and not temporary injunctions. The defendant cites opinions by both Justice (then Judge) Vertefeuille and Judge Teller in support.
The first case cited by the defendant is Waterbury v. Phoenix Soil,LLC., Superior Court, judicial district of Waterbury, Docket No. 152370 (June 4, 1999, Vertefeuille, J.), in which the court denied the temporary injunction because the plaintiff had not shown that it was likely to succeed on the merits. The second case is Westport v. 157 Easton RoadCorp., Superior Court, judicial district of Fairfield at Bridgeport, docket no. 308031 (March 11, 1994, Vertefeuille, J.) in which Judge Vertefeuille certainly did find that proof of irreparable harm was required but, based upon the evidence, did grant the temporary injunction. She emphasized the distinction between a temporary and permanent injunction and referred to an earlier case, also cited by the defendant herein, Kwiatkoski v. Johnson, Superior Court, judicial CT Page 14752 district of Fairfield at Bridgeport, docket no. 307032 (October 27, 1993, Vertefeuille, J.) (10 Conn.L.Rptr. 311), in which she held that the lack of a right to appeal and the fact that the granting of a temporary injunction might in fact resolve the case requires a plaintiff to meet the traditional injunction tests. See Griffin Hospital v.Commission on Hospitals Health Care, 196 Conn. 451, 457, 493 A.2d 229
(1985); Olcott v. Pendleton, 128 Conn. 292, 295, 22 A.2d 633 (1941). It is important to note that part of the decision concerned whether the plaintiff's rights were clear and where the equities would fall. Finally, the defendant cites Judge Teller's decision in New London v. Universityof Connecticut, Superior Court, judicial district of New London, docket no. 529199 (February 24, 1994, Teller, J.) in which he dissolved an ex parte injunction and made essentially the same finding as Kwiatkoski v.Johnson, supra, 10 Conn.L.Rptr. 311, but noted that "the balance of equities all weigh heavily in favor of the defendants."
In Johnson v. Murzyn, supra, 1 Conn. App. 176, the Appellate Court rejected this argument that irreparable harm had neither been alleged nor proven, stating that "[a]n injunction sought pursuant to a statute by the public official charged with the responsibility of enforcing the law . . . stands on a different footing." Id., 179. The court stated that a "municipality, in seeking to enjoin a threatened or existing violation of its zoning regulations, need not show damage accruing to it by reason of the violation." (Emphasis added.) Id., 180. The court went on to add: "The rationale underlying this rule that the complainant is relieved of his burden of proving irreparable harm and no adequate remedy at law is that the enactment of the statute by implication assumes that no adequate remedy exists and that the injury was irreparable, that is, the legislation was needed or else it would not have been enacted." Id., 180-81.
This court can see no reason why the rationale would differ simply because the motion requests a temporary rather than a permanent injunction. See Conservation Commission v. Price, supra, 193 Conn. 429. Indeed, the Appellate Court has recognized that an injunction could be sought to prevent a threatened violation of the municipal regulations.Johnson v. Murzyn, supra, 1 Conn. App. 180. The harm — the violation of the legislative expression — cannot possibly change. This court believes the law as set forth in both the Supreme and Appellate Courts controls this case and that the plaintiff need not allege and prove irreparable harm or lack of an inadequate remedy at law.
This is not the end of the discussion, however. All of the cases, including Johnson v. Murzyn, supra, 1 Conn. App. 176, emphatically state that the "granting of injunctive relief, which must be compatible with the equities of the case, rests within the trial court's sound CT Page 14753 discretion. . . . Those equities should take into account the gravity and wilfulness of the violation, as well as the potential harm to the defendants." Id., 183 (Citation omitted.) As indicated by our Supreme Court in Gelinas v. West Hartford, supra, 225 Conn. 588, "[i]n seeking an injunction pursuant to § 8-12, the town is relieved of the normal burden of proving irreparable harm and the lack of an adequate remedy at law because § 8-12 by implication assumes that no adequate alternative remedy exists and that the injury was irreparable.Conservation Commission v. Price, 193 Conn. 414, 429, 479 A.2d 187
(1984). The town need prove only that the statutes or ordinances were violated. Id. The proof of violations does not, however, deprive the court of discretion and does not obligate the court mechanically to grant the requested injunction for every violation. Id., 430."
Hence, as noted by the court in Conservation Commission v. Price,
supra, 193 Conn. 414, "`[tlhe grant of jurisdiction to ensure compliance with a statute hardly suggests an absolute duty to do so under any and all circumstances, and a [trial judge] . . . is not mechanically obligated to grant an injunction for every violation of law. . . .'" Id., 430, quoting Weinberger v. Romero-Barcelo, 456 U.S. 305,102 S. Ct 1798,72 L.Ed.2d 91 (1982). Thus, while the plaintiff need not prove irreparable harm or lack of an adequate remedy at law, he must surely prove that the equities weigh in his favor, which, of course, includes balancing the harm to the defendant, and that there is a likelihood of probable success on the merits.
This court denies the first part of the motion to strike because the defendant's assertion that the plaintiff must allege and prove irreparable harm is incorrect.
 II
The defendant also moves to strike that portion of the prayer for relief which seeks "common law punitive damages in light of the willful and egregious nature of the Defendants failure to act in accord with the law." This portion of the motion is granted as the plaintiff's rights are fully delineated in General Statutes § 8-12. The zoning enforcement official cannot seek relief in a statutory action that is not provided for in the statute. The intention of the legislature is found not in what it meant to say, but in the meaning of what it did say (citation omitted; internal quotation marks omitted.) Point O'Woods Assn., Inc. v.Zoning Board of Appeals, 178 Conn. 364, 366, 423 A.2d 90 (1979). The legislature has enumerated a wide range of remedies in § 8-12, including both civil and criminal penalties as well as attorneys fees. In addition, there are enhanced penalties for wilful actions; but common law punitive damages are not included and thus this aspect of the motion is CT Page 14754 well taken.
Berger, J.