[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR TEMPORARY INJUNCTION
The plaintiff Town of Granby has brought an action against the defendant Robert Schlicht, who owns property in the town of Granby. The subject matter of the controversy is a stone wall which Schlicht rebuilt in 2000 and apparently into 2001. The town, alleging no specific violation of statute or ordinance, essentially has alleged that Schlicht rebuilt the wall in the town's right of way and that the reconstruction consitutes, [constitutes], a hazard for maintenance and snow plowing and for traffic. The town seeks as relief an injunction requiring Schlict, [Schlicht], to remove the wall and to pay for the costs of the action. Because the case currently is in the posture of a request for a temporary injunction, the defendant has not yet pleaded and it is not entirely clear what the full position of the defendant will be.
The court heard evidence for a day and a halt; on January 4 and January 8, 2002. The town presented testimony tending to show that Schlicht, in the general time frame in question, rebuilt a wall which had been in disrepair. The town's evidence suggested that the wall as rebuilt was several feet closer to the pavement of Cooley Road than the old wall. Schlicht had been asked informally by Fran Armentano, a town planning official, to refrain from continuing with the construction after he had completed roughly ten feet of the wall, according to the town's evidence. Schlicht did refrain for roughly two weeks, but after conferring with his lawyer and hearing nothing further from the town, he continued with the reconstruction. Mr. Nasiatka, a town employee who was a public works foreman, testified that the construction of the wall made plowing more difficult, but he was able to get the job done. Armentano testified that the presence of the wall within the town's right of way also was detrimental to traffic safety. The town introduced a surveyor's map which tended to show that the wall as rebuilt was slightly within the town's right of way.
Schlicht, through cross examination and several witnesses of his own, introduced evidence that tended to show that the reconstructed wall was not substantially closer to the pavement than the old wall had been and that there were a number of locations in Granby where walls or other obstructions were close to the pavement. I allowed the evidence not on the issue of selective enforcement or motive of the town, but rather on the issue of reasonableness.
The decisive issue for the purpose of the issuance of a temporary injunction is the test to be applied. The general rule is that a party seeking a temporary injunction needs to show the establishment of a legal right, which involves both the probability of success on the merits and the lack of an adequate remedy at law, as well as the imminence of substantial and irreparable injury to the plaintiffs, all in the context CT Page 788 of weighing the benefits and harms to both parties. ConnecticutAssociation of Clinical Laboratories v. Connecticut Blue Cross, Inc.,31 Conn. Sup. 110, 113 (1973); Waterbury Teachers Association v. Freedomof Information Commission, 230 Conn. 441, 446 (1994); Covenant RadioCorporation v. Ten Eighty Corporation, 35 Conn. Sup. 1, 3 (1977). Generally, the principal purpose of a temporary injunction is to preserve the status quo until the parties' rights can be determined at a full hearing. Bridgeport Herald v. Lower Fairfield County NewsdealersAssociation, Inc., 22 Conn. Sup. 111, 116-17 (1960); Olcutt v.Pendleton, 128 Conn. 292, 295 (1941).
The town, however, relying on cases such as Johnson v. Murzyn,1 Conn. App. 176, 179 (1984), argues that a showing of irreparable harm need not be shown in order to obtain an injunction in the circumstances of this case. Johnson does hold that a public official charged with the responsibility of enforcing the law and acting pursuant to statute need not show irreparable harm, although the court is still to consider the equities of the case. Id., at 183. Johnson, however, was decided in the context of a permanent injunction: the action was initially brought to seek a temporary and a permanent injunction, but the motion for a temporary injunction was withdrawn at the time of trial. Id., at 177.
The only case I have found which addresses the issue of the standards for a temporary injunction in the context of municipal action isKwiatkoski v. Johnson, 1993 Ct. Sup. 8798 (1993) (Vertefeuille, J.). A zoning enforcement officer relied on cases such as Johnson v. Murzyn, supra, for the proposition that the usual standards for a temporary injunction do not apply in the context of muncipalities', [municipalities'], seeking to enforce the statutory law. Judge (now Justice) Vertefeuille disagreed: although there is an exception for permanent injunctions, there is no reason to depart from the usual standards regarding temporary injunctions. Among the policy considerations mentioned by Judge Vertefeuille are the lack of an immediate appeal, which ought to make a court wary of ordering mandatory relief, the very real possibility that the ordering of temporary relief may very well have the practical effect of terminating the case, without a frill consideration on the merits, and the practical understanding that issues frequently are unclear at the preliminary stage. The possibility of doing irreparable harm to the defendant is very real, and, in light of the ability of the town to obtain temporary relief if the hazard to the public is great and clear under traditional standards regarding temporary injunctions, there is no reason to depart from those standards. I fully agree with Judge Vertefeuille's analysis.
The traditional standards have not been satisfied in this instance. Most compellingly, there has been no showing of irreparable harm, which CT Page 789 in this case would mean a substantial and reasonably imminent danger to the public. The plowing, though slightly more difficult according to the town's evidence, could be accomplished relatively easily, and the situation is not particularly unusual. In closing argument, the town suggested that the irreparable injury is the next fatality when someone runs into the wall. This argument is, of course, somewhat speculative and overlooks the fact that there apparently has never been a first accident, and the wall has been in very close to the same position for many many decades. If the defendant's evidence is ultimately believed, the wall has not been moved at all. In sum, I find significant harm to the defendant if he is forced to move the wall at this stage of the proceedings, and he would effectively lose the case without a full trial. The potential harm to the public is speculative. Under the reasonableness standard advanced by the plaintiff see, e.g., Yale University v. NewHaven, 104 Conn. 610 (1926); the ultimate result is not entirely clear.
The motion for a temporary injunction is denied.
 ___________________, J. Beach