## Peter W. Crabtree *v.* Errol Van Hise

Appellate Session of the Superior Court

File No. 1420

Argued March 17—decided May 20, 1983

*Bruce L. Levin,* for the appellant (plaintiff).

*Robert E. Quish,* for the appellee (defendant).

Daly, J. The plaintiff, in his capacity as assistant city planner for the city of Milford and enforcing officer of the city's zoning regulations, instituted this action seeking an injunction against the defendant landowner requiring him to repair a sidewalk, curbing and an off-street parking area and restraining him from occupying the adjoining premises, and seeking civil penalties. From a judgment of dismissal following the presentation of the plaintiff's evidence, the plaintiff has appealed.

The factual situation does not appear to be in dispute. From 1970 to 1981, the plaintiff was the acting zoning enforcement officer of the city of Milford. The defendant is the owner of the premises located at 285

Seaside Avenue in Milford which is a corner lot at the intersection of Seaside Avenue and Seaside Court. On January 4, 1977, the defendant was granted a variance by the Milford zoning board of appeals to convert the existing structure from a single family dwelling to a four unit residential apartment building. He subsequently applied for a special permit to construct an addition to the existing structure. In connection with this application, he submitted to the planning and zoning board, a copy of the plans for the addition. The plans were approved subject, however, to the repair of existing curbs and sidewalks on Seaside Avenue and on Seaside Court to the specifications of the city engineer's office as provided in § 20-23 of the Milford city code.[1]

The defendant did not obtain specifications for the line and grade of the curbs and sidewalks from the city engineer's office but, instead, proceeded to repair them to their existing dimensions. He subsequently applied to the plaintiff for a certificate of occupancy which the plaintiff denied when he learned from the city engi-

---

[1] "[Milford City Code] Sec. 20-23. REQUIRED—IN CONJUNCTION WITH BUILDING CONSTRUCTION.

"(a) Any persons constructing or arranging for the construction of a building or dwelling or any addition thereto within the city shall also provide for the construction of curbs, gutters and sidewalks in accordance with the specifications applicable thereto made by the director of public works or his authorized representative.

"(b) The cost of such construction shall be paid for by such persons so constructing or arranging for the construction of such buildings or dwellings or additions thereto.

"(c) The director of public works or his authorized representative shall have the authority to waive the construction of such curbs, gutters and sidewalks under appropriate conditions and shall so notify the zoning enforcement officer of such waiver, if granted, in writing. The zoning enforcement officer shall be charged with the enforcement of this section and shall not approve the issuance of a certificate of occupancy unless such curbs, gutters and sidewalks are installed or suitable arrangements made for their later installation by agreement.

"(d) In the event of the neglect or refusal of the owner, builder or his agent to install such sidewalks and curbs, unless waived by the director

neer's office that the defendant had failed to comply with § 20-23 and that the parking area was not properly striped. The plaintiff notified the defendant of the denial and informed him that occupancy of the premises without a certificate of occupancy would constitute a violation of the Milford zoning regulations. Nevertheless, the defendant permitted tenants to occupy the premises.[2]

Thereafter, the plaintiff instituted the present suit. At the close of the plaintiff's case, the defendant moved for a judgment of dismissal, pursuant to Practice Book § 302, on the grounds that the plaintiff failed to prove irreparable injury and the lack of an adequate remedy at law. The court granted the motion on the latter ground and this appeal followed.

The plaintiff has raised several issues; we need consider only one, however, as it is dispositive. The plaintiff contends that there is no requirement that a municipality or municipal official, seeking to enjoin a violation of local zoning regulations pursuant to General Statutes § 8-12, plead and prove irreparable injury or the lack of an adequate remedy at law. We agree.

The trial court, in dismissing the plaintiff's action, adhered to the general principle that "[i]njunctive relief is appropriate only where two conditions are met: the plaintiff must allege and prove that absent such relief he will suffer irreparable injury; and he must allege and demonstrate that he has no adequate remedy at law."

of public works, the city, through the department of public works or its assignee, shall have the authority to complete same at the expense of the owner, builder or his agent.

"(e) Appeals from such findings shall be in accordance with section 7-119 of the General Statutes of the state. (Code 1962, § 14-10; Ord. of 5-6-68)."

In Milford, the authorized representative of the director of public works is the city engineer.

[2] We note that under General Statutes § 47a-4a, a landlord is not legally permitted to collect rent from tenants where the leased premises do not have a valid certificate of occupancy as required by § 47a-7 (a) (1).

*Connecticut Mobile Home Assn., Inc.* v. *Jensen's, Inc.,*
178 Conn. 586, 592, 424 A.2d 285 (1979); *Hartford* v.
*American Arbitration Assn.,* 174 Conn. 472, 476, 391
A.2d 137 (1978); *Stocker* v. *Waterbury,* 154 Conn. 446,
449, 226 A.2d 514 (1967). The plaintiff in the present
case, however, was acting pursuant to General Statutes
§ 8-12,[3] which authorizes, in addition to other remedies,
actions "to restrain, correct or abate" violations of zon-
ing regulations.

Cases from other jurisdictions have held that where
a statute authorizes a municipality or public entity to
seek an injunction in order to enforce compliance with
a local zoning ordinance, but says nothing about the
injury caused, the municipality is not required to show
irreparable harm or the unavailability of an adequate
remedy at law before obtaining an injunction; rather,
all that must be shown is a violation of the ordinance.
See, e.g., *Gray* v. *DeKalb County,* 230 Ga. 95, 96, 195
S.E.2d 914 (1973); *DeSchamps* v. *Board of Zoning
Appeals,* 241 Ind. 615, 620, 174 N.E.2d 581 (1961);
*County of Columbia* v. *Bylewski,* 94 Wis. 2d 153, 163,
288 N.W.2d 129 (1980); see also 8A McQuillin, Munici-

---

[3] "[General Statutes] Sec. 8-12. PROCEDURE WHEN REGULATIONS ARE
VIOLATED. If any building or structure has been erected, constructed,
altered, converted or maintained, or any building, structure or land has
been used, in violation of any provision of this chapter or of any bylaw,
ordinance, rule or regulation made under authority conferred hereby, any
official having jurisdiction, in addition to other remedies, may institute an
action or proceeding to prevent such unlawful erection, construction, altera-
tion, conversion, maintenance or use or to restrain, correct or abate such
violation or to prevent the occupancy of such building, structure or land
or to prevent any illegal act, conduct, business or use in or about such
premises. Such regulations shall be enforced by the officer or official board
or authority designated therein, who shall be authorized to cause any build-
ing, structure, place or premises to be inspected and examined and to order
in writing the remedying of any condition found to exist therein or thereon
in violation of any provision of the regulations made under authority of
the provisions of this chapter or, when the violation involves grading of
land or the removal of earth, to issue, in writing, a cease and desist order
to be effective immediately."

pal Corporations (3d Ed. Rev.) § 25.344; 42 Am. Jur. 2d 788, Injunctions § 48. The rationale underlying this rule that the complainant is relieved of his burden of proving irreparable harm and no adequate remedy at law is that the enactment of the statute by implication assumes that no adequate alternative remedy exists and that the injury was irreparable, that is, the legislation was needed or else it would not have been enacted. *Conway* v. *State Board of Health,* 252 Miss. 315, 324-25, 173 So. 2d 412 (1965).

We subscribe to this viewpoint and hold that the plaintiff is not required to prove the lack of an adequate remedy at law. Accordingly, the trial court erred in dismissing the case.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

In this opinion BIELUCH and F. HENNESSY, Js., concurred.